In the Matter of JAMES HARRISON COHEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 24, 1983

### APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Irving Anolik* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee brings this application to suspend respondent from the practice of law pursuant to 22 NYCRR 603.16 because of his mental disability.

The respondent was admitted to practice in the Second Department on October 17, 1962. Between February and September of 1982, the committee received seven complaints against the respondent. The committee itself filed the eighth complaint in October of 1982. These complaints indicate a possible pattern of serious professional misconduct including conversion, forgery, fraud and misrepresentation.

During 1982, the committee's counsel was only able to interview respondent on one occasion, July 26, 1982. Despite repeated efforts, counsel was unable to secure respondent's presence on any adjourned date. Likewise, the re-

spondent did not answer four letters sent by counsel to elicit information about several of the complaints. In the fall of 1982, respondent further delayed the investigation by changing attorneys on several occasions.

On or about November 26, 1982, the committee's counsel received a psychiatric report from respondent's present attorney. The psychiatric report refers to the fact that respondent "broke down" at the July 26 interview with the committee. In his diagnosis, the psychiatrist concludes that respondent has an "adjustment disorder with mixed emotional features". The respondent was found to be suffering from anxiety, paranoid ideas, depression and fantasies. The respondent, in particular, was found unable to face those situations involving confrontation. The psychiatrist determined that respondent's condition had improved under psychotherapy and that it would continue to improve with further treatment. The psychiatrist opined that respondent would be able to function optimally within a "month or so". Based upon the psychiatric report, respondent's attorney requested a 60-day adjournment of the committee's investigation.

The respondent states that, with one minor exception, he has not practiced law since the dissolution of his partnership in October of 1981. He avers that he has no intention of practicing until his mental health is restored. Nonetheless, the respondent contends that he is able to perform certain legal duties in an academic setting. He finds no need for any order of suspension.

Both the psychiatric report and the respondent's own admissions confirm the fact that he is presently unable to carry on the practice of law in any meaningful way. Therefore, the petition is granted to the extent of suspending him immediately for an indefinite period of time. The respondent may move for reinstatement upon a showing that he has regained his mental health and that he is able to cooperate fully with the committee's investigation of the subject complaints against him.

MURPHY, P. J., KUPFERMAN, SANDLER, ASCH and MILONAS, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York effective Febru-

ary 24, 1983, and until the further order of this court. The order of this court entered on February 16, 1983 [M-6159] is vacated.